# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DARNELL ALONZO KEYES, ) <br> a/k/a DARNELL ALONZO KEYS, ) <br> ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ACTING WARDEN CHILDRESS, ET AL., ) <br> ) <br>     Defendants. ) <br> ) | No. 2:21-cv-2456-SHM-tmp |

## ORDER DISMISSING COMPLAINT WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART, GRANTING LEAVE TO AMEND CLAIMS DISMISSED WITHOUT PREJUDICE, DENYING REQUEST FOR THE APPOINTMENT OF COUNSEL, AND DENYING REQUEST FOR A TEMPORARY RESTRAINING ORDER AND MISCELLANEOUS RELIEF

On July 8, 2021, Plaintiff Darnell Alonzo Keyes a/k/a Darnell Alonzo Keys, Bureau of Prisons register number 48482-066, filed a *pro se* complaint alleging claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), pursuant to 28 U.S.C. § 1331. (ECF No. 1.) Keyes also filed a motion for leave to proceed *in forma pauperis*. (ECF No. 2.) When Keyes filed his complaint, he was incarcerated at the Federal Correctional Institution in Memphis, Tennessee, ("FCI Memphis").[1] (ECF No. 1 at PageID 8.) The Court

---

[1] Keyes is currently at a halfway house and is scheduled for release on July 16, 2024. *See* Federal Bureau of Prisons, Find an Inmate (Register No. 48482-066) (last accessed June 26, 2024). Keyes has not notified the Court of a change of address. Keyes was advised of his obligation "to notify the Court immediately, in writing, of his change of address." (ECF No. 4 at PageID 31.) The Court warned Keyes that failure to notify the Court of his transfer to a different prison or his release could result in sanctions, "up to and including dismissal of this action, without any additional notice or hearing by the Court." (*Id*.)

granted Keyes leave to proceed *in forma pauperis* and assessed the $350 civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). (ECF No. 4.)

Keyes asserts his *Bivens* claims against: (1) Acting Warden Childress, (2) Officer T. Hildson, (3) Lieutenant Grey (4) W. Flanagan, (5) Nurse McCallen, (6) Nurse Brown, and (7) Senior Medical Officer Dr. Benitez. (ECF No.1 at PageID 2-9.) Keyes seeks $1,500,000 in damages; a temporary restraining order ("TRO") requiring the Bureau of Prisons (the "BOP") to follow "existing program policies" and BOP regulations; and to be transferred to a BOP facility where he "can get . . . proper and adequate mental health and medical treatment." (*Id*. at PageID 11.) Keyes also requests the appointment of counsel. (*Id*.)

Keyes alleges that FCI Memphis does not have "proper ventilation" and that he has been deprived of "fresh air" during his confinement. (*Id*. at PageID 9.) He alleges that he has been denied adequate medical and mental health treatment at FCI Memphis, in violation of his rights under the Eighth Amendment. (*See id*.) Keyes alleges that his religious materials were confiscated and destroyed by prison employees at FCI Memphis, in violation of his rights under the First Amendment. (*See id*.) Keyes alleges that prison employees at FCI Memphis have harassed and retaliated against him by "shak[ing] down" his cell and confiscating his property without due process, in violation of the Fifth Amendment. (*See id*.) Keyes alleges that he has attempted to file grievances about the conditions at FCI Memphis, but that prison officials have interfered with his "administrative remedy procedure." (*Id*. at PageID 11.)

For the reasons explained below, the complaint is DISMISSED WITH PREJUDICE in part and WITHOUT PREJUDICE in part. Keyes's request for the appointment of counsel is DENIED. His requests for a TRO and a transfer to another facility are DENIED.

I.   **SCREENING THE COMPLAINT**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Applying those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3 (quoting Fed. R. Civ. P. 8(a)(2)).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal

3

of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II. JURISDICTION

Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

*Bivens* provides a right of action against federal employees who, acting under color of federal law, violate an individual's rights under the Constitution. 403 U.S. at 389. "Under the *Bivens* line of cases, the Supreme Court has recognized a cause of action against federal officials for certain constitutional violations when there are no alternative processes to protect the interests of the plaintiff and no special factors counseling against recognizing the cause of action." *Koubriti v. Convertino*, 593 F.3d 459, 466 (6th Cir. 2010).

Keyes's claims are construed as *Bivens* claims over which the Court has jurisdiction because: (1) Keyes was a federal inmate confined at FCI Memphis when the events alleged in the complaint occurred (ECF No. 1 at PageID 12); and (2) Keyes alleges violations of his rights under the First, Fifth, and Eighth Amendments of the Constitution (*see id*. at PageID 10-11).

## III. ANALYSIS

### A. Timeliness of Plaintiff's *Bivens* Claims

The Sixth Circuit has held that state law dictates the applicable statute of limitations for a *Bivens* action. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). Keyes's alleged injuries occurred while he was incarcerated at FCI Memphis in Tennessee. (ECF No.1 at PageID 12.) The limitations period for civil actions brought under federal law in Tennessee is one year. Tenn. Code Ann. § 28-3-104(a)(1)(B). Accordingly, "the appropriate statute of limitations for [a] *Bivens*

4

action arising in Tennessee is one year." *Mason v. Dep't of Just.*, 39 F. App'x 205, 207 (6th Cir. 2002). The statute of limitations begins to run at the time the plaintiff "knows or has reason to know" of the alleged injury through "reasonable diligence." *Edison v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).

Keyes's complaint is largely silent about the dates on which the Defendants allegedly violated Keyes's constitutional rights. He alleges dates for only two of his claims. Keyes alleges that Officer Hildson confiscated property from Keyes's cell on June 13, 2021, without "following proper procedures." (ECF No. 1 at PageID 10.) Keyes also alleges that he was denied medical care in May 2021 for "worsening back pain" and "knee pain." (*Id.*) The time during which Keyes experienced the other alleged constitutional violations at FCI Memphis is unclear from his complaint.

The Court is not at liberty to speculate about claim accrual dates for statute of limitations purposes or to create Keyes's claims for him. *See Brown*, 415 F. App'x at 613. The constitutional violations for which Keyes does not specify a date of occurrence are DISMISSED WITHOUT PREJUDICE for failure to comply with Fed. R. of Civ. P. 8(a).

### B. Claims Against Individual Defendants

Keyes sues Flanagan, Nurse McCallen, Nurse Brown, and Dr. Benitez in their official and individual capacities. (ECF No. 1 at PageID 8-9.) Keyes does not specify whether he is suing the remaining Defendants (Acting Warden Childress, Officer Hildson, and Lieutenant Grey) in their official or individual capacities. The Court therefore presumes that Keyes is suing Childress, Hildson, and Grey in their official capacities. *See Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) ("Absent a specification of capacity, it is presumed that a state official is sued in his official capacity.").

5

1.  **Official Capacity Claims**

*Bivens* authorizes damage suits against individual federal officials, but *Bivens* does not authorize such suits against the United States, its agencies, or its employees in their official capacities. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (explaining that a prisoner "may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP"). "[B]ecause 'the real party in interest in an official-capacity suit is the entity represented and not the individual officeholder,'" *Bivens* does not permit suits against government employees in their official capacities. *Himmelreich v. Fed. Bureau of Prisons*, No. 11-3474, 2012 WL 13226685, at *1 (6th Cir. May 7, 2012) (quoting *Karcher v. May*, 484 U.S. 72, 78 (1987)); *see Malesko*, 534 U.S. at 72 ("With respect to the alleged constitutional deprivation, [the plaintiff's] only remedy lies against the individual.")

Because a suit under *Bivens* may be brought only against individual officers for certain constitutional violations, Keyes's official capacity claims against Acting Warden Childress, Officer Hildson, and Lieutenant Grey fail as a matter of law. Keyes's official capacity claims against these Defendants are DISMISSED WITHOUT PREJUDICE. Keyes's official capacity claims against Flanagan, Nurse McCallen, Nurse Brown, and Dr. Benitez, all of whom Keyes sues in their individual capacities, are DISMISSED WITH PREJUDICE.

2.  **Individual Capacity Claims**

"[T]o plausibly state a *Bivens* claim, 'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution' in a manner that can be vindicated under *Bivens*." *Himmelreich*, 2012 WL 13226685, at *2 (quoting *Iqbal*, 556 U.S. at 676). A plaintiff asserting a *Bivens* claim must, as part of his prima facie case, allege facts showing "that the individual defendant acted under color of federal authority and was

6

personally involved in the deprivation of the plaintiff's constitutional rights." *Mueller v. Gallina*, 137 F. App'x 847, 850 (6th Cir. 2005) (internal quotation marks and citation omitted).

To date, the Supreme Court has recognized only three contexts in which a *Bivens* claim is appropriate: (a) a Fourth Amendment claim in the search and seizure context; (b) a Fifth Amendment claim under the Due Process Clause for gender discrimination by a federal employer; and (c) an Eighth Amendment claim for a prison official's deliberate indifference to a federal inmate's medical needs. *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017).

Keyes alleges that Officer Flanagan failed to "fix the lack of adequate ventilation" at FCI Memphis. (ECF No. 1 at PageID 3.) According to Keyes, the ventilation problems "deprived [him] of sleep" and caused him to "became emotional and mentally stressed out." (*Id.*) He alleges that he suffered nose bleeds and headaches from the lack of fresh air. (*Id.*) Keyes's allegations against Flanagan arise from the conditions of his confinement at FCI Memphis. An inmate's challenge to the conditions of confinement is not a ground on which he can bring a *Bivens* claim. *See Ziglar*, 582 U.S. at 131. Keyes's individual capacity claims against Flanagan are therefore DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief.

Keyes alleges that Dr. Benitez refused to provide Keyes with "medically necessary care and treatment." (ECF No. 1 at PageID 5.) Keyes alleges that Dr. Benitez also failed to provide mental health treatment. (*Id.*) Keyes alleges that he is disabled, and that Dr. Benitez has failed to provide necessary treatment for unspecified injuries to Keyes's "leg, back, and knees." (*Id.*)

Deliberate indifference to a prisoner's serious medical needs is an allowable *Bivens* claim. *See Ziglar*, 582 U.S. at 131; *see also Carlson v. Green*, 446 U.S. 14, 19 (1980). Nonetheless, Keyes's sparse and conclusory allegations against Dr. Benitez do not set forth sufficient facts to satisfy Fed. R. Civ. P. 8(a)'s pleading standard.

"A constitutional claim for denial of medical care has objective and subjective components." *Blackmore v. Kalamazoo Cnty*., 390 F.3d 890, 895 (6th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The objective component requires that a prisoner have a "sufficiently serious" medical need. *Id*. (quoting *Farmer*, 511 U.S. at 834). "[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention." *Id.* at 897 (internal quotation marks and citation omitted). The subjective component requires that jail officials acted with the requisite intent—*i.e.*, had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). That requires that the plaintiff show that prison officials acted with "deliberate indifference" to a substantial risk that an inmate would suffer serious harm. *Id.* at 837.

Keyes does not describe the nature of his injuries in any detail, and he does not specify any treatment that he required, but that Dr. Benitez denied. Keyes therefore fails to satisfy the objective prong of his claim for the denial of medical care. Keyes also fails to allege that Dr. Benitez knew of and disregarded a substantial risk to Keyes's health and therefore has not shown a sufficiently culpable state of mind to satisfy the subjective component. Keyes's individual capacity claims against Dr. Benitez are therefore DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief.

Keyes alleges that Nurse Brown refused medical treatment after Keyes "hurt [his] back" and lied when she reported that Keyes was "seen walking with a normal gait." (ECF No. 1 at PageID 7.) Keyes also alleges that Nurse Brown failed to protect Keyes's confidentiality, in violation of BOP Standards of Employee Conduct, when she questioned him about his injuries in an area where corrections officers were present. (*Id*. at PageID 6-7.) Keyes alleges that Nurse

8

Brown's supervisor, Nurse McCallen failed to report Nurse Brown's violation of prison policies and "knowingly ignore[d]" Keyes's medical needs. (*Id*. at PageID 6.)

Keyes has failed to allege a constitutional violation against Nurse Brown. His allegations amount to a disagreement over Nurse Brown's medical diagnosis. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Keyes's allegation that Nurse Brown violated prison policy when she questioned Keyes about his injuries in the presence of corrections officers likewise fails to state a *Bivens* claim. *See Morrison v. Williams*, No. 4:19-CV-2676, 2020 WL 6389993, at *3 (N.D. Ohio Nov. 2, 2020) (holding that federal employee's failure to adhere to a BOP Program Statement did not constitute a violation of federal law and failed to state a *Bivens* claim); *see also Sandin v. Conner*, 515 U.S. 472 at 482 (1995) (observing that "a prison regulation primarily designed to guide correctional officials in the administration of a prison" does not "confer rights on inmates").

To the extent Keyes's allegation about Nurse Brown could be construed as a claim that Nurse Brown violates Keyes's right to privacy, Keyes has no cognizable claim. The Sixth Circuit has recognized an informational-privacy interest of constitutional dimension in only two instances: (1) where the release of personal information could lead to bodily harm . . . , and (2) where the information released was of a sexual, personal, and humiliating nature." *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (citations omitted)). Keyes does not allege violation of a protected informational-privacy interest.

Keyes also fails to state a claim against Nurse McCallen based on her alleged failure to report Nurse Brown's failure to follow prison policies. "*Bivens* is not designed to hold officers responsible for acts of their subordinates." *Ziglar*, 582 U.S. at 141.

Keyes's individual capacity claims against Nurses Brown and McCallen are DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief.

## C. TRO & Miscellaneous Relief

Keyes requests a TRO requiring the BOP to follow "existing program policies" and BOP "rules and regulations." (ECF No. 1 at PageID 11.) Given that Keyes's complaint fails to comply with Fed. R. Civ. P. 8(a) and does not survive screening under the PLRA, his request for a TRO is DENIED.

Keyes asks to be transferred from FCI Memphis to another facility where he can receive "proper and adequate mental health and medical treatment." (ECF No. 1 at PageID 11.) That request is DENIED as moot given that Keyes has been transferred from FCI Memphis to a halfway house.

Keyes has written a letter to the Court complaining of issues about receiving his mail at FCI Memphis. (ECF No. 7.) He asks that all mail from the Court be resent with the instruction "OPEN ONLY IN THE PRESENCE OF INMATE." (*Id*. at PageID 1.) Keyes's request is DENIED as moot. Keyes is no longer confined at FCI Memphis, and the only legal mail that Keyes claims not to have received was resent by the Clerk on October 22, 2021.

## IV. AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). Leave to amend should not be granted where a plaintiff cannot cure the deficiency in his complaint. *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *see also Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts"). The Court GRANTS leave to amend within 21 days of the date of this Order, and under the guidelines set forth below.

An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of claims. An amended complaint supersedes the initial complaint and must be complete in itself without reference to the prior pleadings. Keyes must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count.

The Court grants Keyes <u>one</u> opportunity to amend his complaint. If Keyes fails to file an amended complaint in a timely manner, the Court will dismiss this case and enter judgment. The

Court recommends that any such dismissal of this case be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

V.      **CONCLUSION**

For the reasons explained above:

A.      Keyes's official capacity claims against Flanagan, Nurse McCallen, Nurse Brown, and Dr. Benitez, all of whom Keyes also sues in their individual capacities, are DISMISSED WITH PREJUDICE for failure to state a claim to relief. *See* § 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2). Leave to amend Keyes's official capacity claims against these Defendants is DENIED.

B.      The Court DISMISSES the remaining claims in Keyes's complaint WITHOUT PREJUDICE for failure to state a claim to relief. *See* § 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2). Leave to amend the claims dismissed without prejudice is GRANTED. Keyes may amend his complaint within 21 days of the date of this Order, under the guidelines set forth *supra*.

C.      Keyes's request for the appointment of counsel is DENIED as premature, Keyes may refile his request for counsel if this case proceeds.

D.      Keyes's requests for a TRO and for miscellaneous relief are DENIED.

IT IS SO ORDERED, this 9th day of July, 2024.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE