## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| DARNELL ALONZO KEYES, | ) | |
| a/k/a DARNELL ALONZO KEYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:21-cv-02456-SHM-tmp |
| | ) | |
| ACTING WARDEN CHILDRESS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

**ORDER DISMISSING CASE WITH PREJUDICE;**
**CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;**
**NOTIFYING PLAINTIFF OF THE APPELLATE FILING FEE;**
**NOTIFYING PLAINTIFF OF THE COURT'S STRIKE RECOMMENDATION UNDER**
**28 U.S.C. § 1915(g); AND CLOSING CASE**

---

On July 8, 2021, Plaintiff Darnell Alonzo Keyes a/k/a Darnell Alonzo Keys, Bureau of Prisons register number 48482-066 filed a *pro se* complaint alleging claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), pursuant to 28 U.S.C. § 1331. (ECF No. 1.) Keyes also filed a motion for leave to proceed *in forma pauperis*. (ECF No. 2.) When Keyes filed his complaint, he was incarcerated at the Federal Correctional Institution in Memphis, Tennessee, ("FCI Memphis"). (ECF No. 1 at PageID 8.)

The Court granted Keyes leave to proceed *in forma pauperis* and assessed the $350 civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, et seq. (the "PLRA"). (ECF No. 4 (the "IFP Order").) The Court warned that "[i]f Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address." (*Id.* at PageID 31.)

On July 9, 2024, the Court dismissed the complaint with prejudice in part and without prejudice in part for failure to state a claim, and granted Keyes leave to amend the claims dismissed without prejudice within 21 days.  (ECF No. 8 (the "Screening Order").)  The Screening Order warned "[i]f Keyes fails to file an amended complaint within the time specified, the Court will dismiss this case and enter judgment."  (*Id.* at PageID 52.)  The Clerk mailed a copy of the Screening Order to Keyes at his address of record at FCI Memphis.[1]

Keyes's mail was returned as undeliverable on August 5, 2024.  (ECF No. 9.)  Keyes has not notified the Court of a change of address.

The deadline to amend expired on Tuesday, July 30, 2024.  Keyes failed to timely file an amended complaint or to seek an extension of time to amend.

For these reasons, and for the reasons discussed in the Screening Order, the Court DISMISSES this case with prejudice in its entirety.  The Court recommends that this dismissal be treated as a strike pursuant to 28 U.S.C. § 1915(g).  *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021);  (*see also* ECF No. 8 at PageID 52-53 (warning Keyes that if he failed to amend his claims in a timely manner, the Court would dismiss the case and enter judgment, and recommending that the dismissal be treated as a strike under § 1915(g)).)

Judgment will be entered in accordance with the Screening Order.

---

[1]  Keyes was released from custody on July 16, 2024.  *See* Federal Bureau of Prisons, Find an Inmate (Register No. 48482-066) (last accessed Aug. 23, 2024).  Keyes has not notified the Court of a change of address.  Keyes was advised of his obligation "to notify the Court immediately, in writing, of his change of address." (ECF No. 4 at PageID 31.)  The Court warned Keyes that failure to notify the Court of his transfer to a different prison or his release could result in sanctions, "up to and including dismissal of this action, without any additional notice or hearing by the Court." (*Id.*)

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by Keyes would not be taken in good faith.  If Keyes nevertheless chooses to file a notice of appeal, he must either: (1) pay the entire $605 appellate filing fee or, if he is confined at that time, (2) submit a new *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

**IT IS SO ORDERED**, this 23rd day of August, 2024.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE